Mr. Justice Humphreys
delivered the opinion of the court:
We affirm the decree of the chancellor in this cause.
We think that his decree fully met the equities, as growing out of all the rules for the government and determination of rights according to law.
For the purpose of keeping distinct and distinguishable the complicated matters of marital rights growing out of the rebellion, and the consequent capacity of alleged husband and wife, we will exclude the testimony of alleged wife; yet we find enough testimony to sustain the claim of the person *113 iii possession, claiming to be wife, to exclude tbe alleged heir at law, apart from the possession.
On the authority of Nelson et al. v. Woodruff et al., 1 Black S. C., 156, we would exclude the testimony of Julia Ann Rodgers; then we say that the same ideas which could lead the mind to the conclusion that Correll Rodgers had two brothers who could inherit from him, will, according to the evidence, establish that he had a wfffe who succeeds to his estate.
Row,then, exclude Julia Ann; yet she has possession,and that possession by virtue of claiming to be wife. What matters whether she was wife of one incapable of holding property? The claimants are in no better condition. If she was the female associate of the man, in the intimate relation ordinarily existing between man and wife, then, whether slave or free, she is, at least, equal to those who occupy a correlative attitude as to freedom or slavery.
She is now in possession; she was a comrade’of a man whom she called her husband; the two lived together as man and wife, though the moral or legal bonds of slavery may have been around them; the property in question was the-property of the man she served as actual wife.
She is, in our view, entitled to it as the widow.
The decree is affirmed.